# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER KWAKU SOUL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KEN CLARK, WARDEN, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-00490-LJO-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Complaint**

**I.     Screening Requirement**

Plaintiff Peter Kwaku Soul ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 9, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

    **A.     Summary of Complaint**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility and State Prison in Corcoran, where the events at issue in this action occurred. Plaintiff is blind in his right eye but has some sight in his left eye. Plaintiff was transferred to CSATF on November 17, 2004, and on February 7, 2005, Dr. Nguyen issued a Health Services Chrono requiring him to wear a yellow vest to identify his disability. Plaintiff's exhibits establish that pursuant to the Armstrong Remedial Plan, inmates designated as DPV (permanently vision impaired) are required to wear vests at all times when outside their bed or cell areas.

Plaintiff disagrees with the decision to require him to wear a vest and is not willing to wear the vest. As a result of his failure to wear the vest, Plaintiff has been confined to his cell at times, has been disallowed from participating in certain prison programs at times, and is subject to progressive discipline, which may lead to the imposition of a Security Housing Unit term. Plaintiff alleges his rights under the Eighth Amendment are being violated and he is being retaliated against. Plaintiff also alleges verbal harassment.

    **B.     Eighth Amendment Claim**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's disagreement with the determination that his medical condition requires the use of an identifying safety vest does not support a claim for violation of the Eighth Amendment. Farmer, 511 U.S. at 837; Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Although Plaintiff alleges that he finds the vest degrading and humiliating, the situation is not one of deliberate indifference by prison officials.

### C. Retaliation Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's allegations demonstrate that the actions taken against him stem from his failure to wear his vest. There is no support for a claim that Plaintiff was retaliated against because of the exercise of a protected First Amendment right and in the absence of any legitimate correctional goal.

### D. Verbal Harassment Claim

Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Therefore,

Plaintiff's allegation that he was subject to "verbal harassment, profanity, sexual explicit language, [and] derogatory remarks" does not state a claim under section 1983. (Comp., court record pg. 4, ¶3.)

### III. Conclusion and Recommendation

Plaintiff's complaint does not state any cognizable claims under section 1983. Plaintiff's claims arise from his classification as a vision impaired inmate and the resulting requirement that he wear a yellow vest identifying his disability. Plaintiff does not want to wear the vest and does not believe it is medically necessary or necessary for his safety. The requirement that Plaintiff wear a vest does not violate the Eighth Amendment and the imposition of progressive discipline for refusing to wear the vest does not violate the First Amendment. Because the Court finds that these deficiencies are not capable of being cured by amendment, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 6, 2008**             /s/ Sandra M. Snyder
                              UNITED STATES MAGISTRATE JUDGE